## HILDA LILIENTHAL v. JOHN J. YAKYMI AND ANOTHER.[1]

October 6, 1933.

No. 29,511.

*Earl J. Maxwell,* for appellants.
*G. H. Snyder,* for respondent.

*OLSEN, Justice.*

Defendants appeal from an order denying their motion for a new trial.

The questions presented are whether plaintiff is the owner of the south 50 feet of an 8½-acre tract of land described in the complaint, and whether said 50 feet had been released from a mortgage of $2,250 originally covering the entire tract, which mortgage was purchased by defendant Zofia Yakymi November 1, 1930, and has since been owned by her. On December 16, 1930, Zofia Yakymi entered into an extension agreement in writing with plaintiff and her husband extending the time of payment of said mortgage from October 20, 1930, to October 20, 1933, and therein agreed to release said

[1]Reported in 250 N. W. 361.

south 50 feet from said mortgage on payment of $350 by plaintiff or her husband. Plaintiff's husband had purchased the 8½-acre tract from a third party on a contract for deed, which contract had thereafter been assigned to plaintiff. Defendant John J. Yakymi had thereafter purchased the vendor's interest in said contract and received a deed of the premises with an assignment of the vendor's rights under the contract. In that contract there was a provision whereby the vendor agreed to release 60 feet on either the north or south side of the property on payment of $75 on the contract.

In that situation the trial court, after hearing the evidence, made findings of fact and found that on December 24, 1930, the defendants executed and delivered to plaintiff a warranty deed conveying to her the southerly 50 feet of the 8½-acre tract in question, free from encumbrance, and that at said time plaintiff had made full settlement with defendants and each of them for the purchase price of said tract of land, and full settlement of the lien of the $2,250 mortgage covering said tract of land. If these findings are sustained by the evidence, the court's conclusions of law that plaintiff is the owner of the south 50 feet of the 8½-acre tract and that same is free of the lien of the $2,250 mortgage are correct. There was dispute in the evidence as to whether plaintiff and her husband had paid to defendants the $75 stated in the contract and the $350 stated in the extension agreement required to be paid in order to entitle the plaintiff to a deed of the south 50 feet of the 8½-acre tract free of the lien of the $2,250 mortgage. This presented questions of fact for the trial court. Under the rule followed here in reviewing the sufficiency of the evidence to sustain findings of fact by the trial court, there is evidence sufficient to sustain these findings. No purpose would be served by discussing the evidence in detail. The execution of the deed by Zofia Yakymi is denied by defendants. There is evidence sufficient to sustain the finding that it was executed by her.

Other findings in reference to the return of the deed to defendant John J. Yakymi for correction, the later loan of $154.22 by him to plaintiff and her husband, the tender of payment of such loan, and the giving of a $300 mortgage to him, do not affect the result.

The court awarded to defendant John J. Yakymi a lien on the premises under the $300 mortgage and for the $154.22 loan, less a small sum collected by said defendant.

The order appealed from is affirmed.